**BASS BERRY ✛ SIMS** PLC

**LeAnn Lewis**
llewis@bassberry.com
(615) 259-6453

October 21, 2016

*Via Electronic Transmission Only*          *Via Electronic Transmission Only*
nlamkin@dvcr.com                             Jane.Hanna@sedgwickcms.com
Nick Lamkin                                  Janie Hanna
Diversicare Healthcare Services, Inc.        Sedgwick Carona
1621 Galleria Boulevard                      10370 Richmond Avenue, Suite 350
Brentwood, TN 37027-2926                     Houston, Texas  77042

Re:    **Cheryl Hill as Administratrix of the Estate of Charles R. McIntyre vs.
       Diversicare Highlands LLC d/b/a Highlands Health and Rehabilitation Center**
       Jefferson County Circuit Court, Kentucky
       Case No. 16-CI-00511

Dear Mr. Lamkin and Ms. Hanna:

Enclosed please find Corporation Service Company's Notice of Service of Process Transmittal Nos. 15771882, 15772925, and 15772938, Summons and Complaint, which were served on Advocat Finance, Inc., Diversicare Highlands, LLC, and Diversicare Management Services Co. in the above-referenced matter.

Please note that an answer is due within 20 days of service.  If you have any questions or need additional assistance, please do not hesitate to contact our office.

Sincerely,

LeAnn Lewis
Paralegal

LL:
Enclosures

cc:  Leslie Campbell, CEO
     Ashley Hebrank
     Glenn B. Rose

20669665.1



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 15771882**
**Date Processed: 10/21/2016**

| | |
|---|---|
| Primary Contact: | Glenn B. Rose<br>Bass, Berry & Sims PLC<br>150 Third Avenue South<br>Suite 2800<br>Nashville, TN 37201 |
| Electronic copy provided to: | Linda Montalbano |

| | |
|---|---|
| Entity: | Advocat Finance, Inc.<br>Entity ID Number  3396937 |
| Entity Served: | Advocat Finance, Inc. |
| Title of Action: | Cheryl Hill As Administrarix of the Estate of Charles R. McIntyre vs. Diversicare Highlands LLC d/b/a Highlands Health and Rehabilitation Center |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Death |
| Court/Agency: | Jefferson County Circuit Court, Kentucky |
| Case/Reference No: | 16-CI-005111 |
| Jurisdiction Served: | Delaware |
| Date Served on CSC: | 10/20/2016 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | David V. Dufour, Jr.<br>502-912-5919 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731



ADVOCAT FINANCE, INC.
2711 CENTERVILLE RD STE 400
WILMINGTON, DE 19808



## KCOJ eFiling Cover Sheet

Case Number: 16-CI-005111

Envelope Number: 311829

Package Retrieval Number: 3118292180046@00000798337

Service by: Certified Mail

Service Fee:  $ 0.00

Postage Fee: $ 12.47

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000001 of 000027

Page 1 of 1                    Generated: 10/14/2016 9:31:31 AM

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI , <br> Rev. 9-14 <br><br> Commonwealth of Kentucky <br> Court of Justice   Courts.ky.gov <br><br> CR 4.02; Cr Official Form 1 |  <br><br> **CIVIL SUMMONS** | Case #: **16-CI-005111** <br> Court:   **CIRCUIT** <br> County: **JEFFERSON Circuit** |

*Plantiff,* **HILL, CHERYL VS. DIVERSICARE HIGHLANDS LLC DBA HIGHLANDS , E**, *Defendant*

TO:  **ADVOCAT FINANCE, INC.**
      **2711 CENTERVILLE RD STE 400**
      **WILMINGTON, DE 19808**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk

Date: **10/13/2016**

*(right margin, rotated)* Presiding Judge: HON. BARRY WILLETT (630175)

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____

                                                      Served By

                                                      Title

*(right margin, rotated)* Package : 000002 of 000027



*eFiled*

CIVIL ACTION NO._____          JEFFERSON CIRCUIT COURT
                                        HON. _____
                                            DIVISION _____

CHERYL HILL AS ADMINISTRARIX OF THE ESTATE          PLAINTIFF
OF CHARLES R. MCINTYRE

vs.                        **COMPLAINT**

DIVERSICARE HIGHLANDS LLC d/b/a
HIGHLANDS HEALTH AND REHABILITATION CENTER
1621 Galleria Boulevard
Brentwood, Tennessee 37027

>           Serve:      CORPORATION SERVICE COMPANY
>                       421 West Main Street
>                       Frankfort, Kentucky 40601

-and-

DIVERSICARE LEASING CORP.
1621 Galleria Boulevard
Brentwood, Tennessee 37027

>           Serve:      CORPORATION SERVICE COMPANY
>                       421 West Main Street
>                       Frankfort, Kentucky 40601

-and-

ADVOCAT FINANCE, INC.
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

>           Serve:      Office of the Secretary of State
>                       Summons Branch
>                       700 Capital Avenue, Suite 86
>                       Frankfort, KY 40601

>           Process Agent:   CORPORATION SERVICE COMPANY
>                            2711 Centerville Road, Suite 400
>                            Wilmington, Delaware 19808

-and-

DIVERSICARE MANAGEMENT SERVICES CO.
1621 Galleria Boulevard
Brentwood, Tennessee 37027

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000003 of 000027

Serve:     CORPORATION SERVICE COMPANY
           421 West Main Street
           Frankfort, Kentucky 40601

-and-

DIVERSICARE HEALTHCARE SERVICES INC.
160 Greentree Drive, Suite 101
Dover, Delaware 19904

Serve:     Office of the Secretary of State
           Summons Branch
           700 Capital Avenue, Suite 86
           Frankfort, Kentucky 40601

Process Agent:   NATIONAL REGISTERED AGENTS, INC.
                 160 Greentree Drive, Suite 101
                 Dover, Delaware 19904

-and-

KAROLE HAMILTON, in her former capacity as Administrator
of Highlands Health and Rehabilitation Center
6021 Silver King Boulevard, Unit 401
Cape Coral, Florida 33914

Serve:     Attn: Karole Hamilton
           HIGHLANDS HEALTH AND REHABILITATION CENTER
           1705 Stevens Avenue
           Louisville, Kentucky 40205

                                                    DEFENDANTS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Comes now Plaintiff, Cheryl Hill, as Administratrix of the Estate of Charles McIntyre,

and for herComplaint and causes of action against Defendants Diversicare Highlands LLC, d/b/a

Highlands Health and Rehabilitation Center, Diversicare Leasing Corp., Advocat Finance, Inc.,

Diversicare Healthcare Services Inc., Diversicare Management Services Co. and Karole

Hamilton, in her capacity as Administrator of Highlands Health and Rehabilitation Center,

hereby states as follows:

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000004 of 000027

Filed          16-CI-005111   10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

1.      Cheryl Hill is, and was at all times relevant herein, a resident of Jefferson County, Kentucky, and is the daughter of Charles McIntyre.

2.      Charles McIntyre, was a resident of Diversicare Highlands LLC, which does business as Highlands Health and Rehabilitation Center (hereinafter "Highlands Health and Rehabilitation Center" and "the facility"), is the licensee of the facility and is located at 1705 Stevens Avenue, Louisville, Kentucky 40205, from February 21, 2013 to July 28, 2015. Charles McIntyre was hospitalized on July 28, 2015 and remained so until his death, which occurred on September 26, 2015.

3.      Upon information and belief, Defendant Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, is, and was at all times relevant herein, a Foreign Limited Liability Company, with its principal office located at 1621 Galleria Boulevard, Brentwood, Tennessee, 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Highlands Health and Rehabilitation Center, located at 1705 Stevens Avenue, Louisville, Kentucky 40205. Its agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Diversicare Highlands LLC d/b/a Highlands Health and Rehabilitation Center in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Charles McIntyre.

3

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000005 of 000027

4.    Upon information and belief, Defendant Diversicare Leasing Corp., is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 1621 Galleria Boulevard, Brentwood, Tennessee, 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Highlands Health and Rehabilitation Center, located at 1705 Stevens Avenue, Louisville, Kentucky 40205. Its agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Diversicare Highlands LLC d/b/a Highlands Health and Rehabilitation Center, in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Charles McIntyre.

5.    Upon information and belief, Defendant Advocat Finance, Inc., is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Highlands Health and Rehabilitation Center, located at 1705 Stevens Avenue, Louisville, Kentucky 40205. Its agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Advocat Finance, Inc., in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Charles McIntyre.

6.    Upon information and belief, Diversicare Management Services Co., is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 1621 Galleria Boulevard, Brentwood, Tennessee, 37027, and authorized to do business in the

4

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000006 of 000027

Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Highlands Health and Rehabilitation Center, located at 1705 Stevens Avenue, Louisville, Kentucky 40205. Its agent for service of process is Corporation Service Company, 1621 Galleria Boulevard, Brentwood, Tennessee 37027. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Diversicare Management Services Co., in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Charles McIntyre.

7.      Upon information and belief, Defendant Diversicare Healthcare Services Inc., is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 160 Greentree Drive, Suite 101, Dover, Delaware, 19904, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Highlands Health and Rehabilitation Center, located at 1705 Stevens Avenue, Louisville, Kentucky 40205. Its agent for service of process is National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Diversicare Healthcare Services Inc., in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Charles McIntyre.

8.      Upon information and belief, Defendant Karole Hamilton is a citizen and resident of Jefferson County, Kentucky, residing at 6021 Silver King Boulevard, Unit 401, Cape Coral, Florida 33914. At the time of the incident described herein, Defendant Karole Hamilton was an agent, servant, representative, and/or employee of Defendant Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, specifically working in the capacity as the Administrator of Highlands Health and Rehabilitation Center during the residency of Charles

5

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000007 of 000027

McIntyre. The causes of action which make the basis of this suit arise out of the Defendant Karole Hamilton's administration of the facility during the residency of Charles McIntyre. Defendant Karole Hamilton will be served at Highlands Health and Rehabilitation Center, 1705 Stevens Avenue, Louisville, Kentucky 40205.

9.      Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to every defendant in this suit except for the Administrator, Karole Hamilton.

10.     Whenever the term "Defendant Karole Hamilton" is utilized within this suit, such term refers to Karole Hamilton.

11.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

12.     Defendants controlled the operation, planning, management, budget, and quality control of Highlands Health and Rehabilitation Center. The authority exercised by Defendants over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policy and procedure manuals used by nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

13.     Pursuant to the principles of actual agency, ostensible agency and apparent authority, Nursing Home Defendants are responsible for the acts or omissions or their agents, servants, employees, or representatives.

14.     Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, holds itself out as being a Long-Term Care and Rehabilitation Facility. As such, Diversicare

6

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000008 of 000027

Filed          16-CI-005111    10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, is subject to licensure requirements pursuant to KRS Chapter 216 and 902 KAR 20:026 and 902 KAR 20:300.

15.     Pursuant to KRS § 216.515, Charles McIntyre was entitled to certain rights as a resident of Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center.

16.     Jurisdiction and venue are proper in this Court.

### FACTUAL ALLEGATIONS

17.     Plaintiffs, Cheryl Hill, as Administratrix of the Estate of Charles McIntyre, hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

18.     Upon information and belief, Charles McIntyre was looking to Defendants for treatment of his total needs for custodial, nursing and medical care and not merely as the situs where others not associated with the facility would treat him.

19.     At all relevant times mentioned herein, Nursing Home Defendants owned, operated and/or controlled, and/or provided services for Highlands Health and Rehabilitation Center, either directly or through a joint enterprise, partnership, or the agency of each other and/or other diverse subalterns, subsidiaries governing bodies, agents, servants, or employees.

20.     Defendants are directly or vicariously liable for any actions and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, partner, employee, ostensible or apparent agency, consultant or independent contractor, whether in-house or outside individuals, entities, agencies, or pools. Defendants authorized or ratified or should have anticipated the acts and omissions in question.

21.     In an effort to ensure that Charles McIntyre and other residents whose care was partially funded by the government were placed at Highlands Health and Rehabilitation Center,

7

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000009 of 000027

Filed          16-CI-005111    10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

Defendants held themselves out to the Kentucky Cabinet for Health and Family Services (CHFS) and the public at large as being:

<ol type="a">
<li>Skilled in the performance of nursing, rehabilitative, and other medical support services;</li>
<li>Properly staffed, supervised, and equipped to meet the total needs of their residents;</li>
<li>Able to specifically meet the total medical and physical therapy needs of Charles McIntyre and other residents like him; and</li>
<li>Licensed by CHFS and complying on a continual basis with all rules, regulations, and standards established for nursing homes and similar facilities.</li>
</ol>

22.    Defendants failed to discharge their obligations of the care of Charles McIntyre with a conscious disregard for his rights and safety. At all times mentioned herein, Defendants, through their Corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Charles McIntyre, as more fully set forth below. Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Highlands Health and Rehabilitation Center. The severity of the recurrent negligence inflicted upon Charles McIntyre while under the care of the facility accelerated the deterioration of his health and physical condition beyond that caused by the normal aging process, and resulted in the physical and emotional injuries including, but not limited to:

<ol type="a">
<li>Malnutrition;</li>
<li>Unnecessary pain;</li>
<li>Pressure sores;</li>
<li>Skin Breakdown;</li>
<li>Mismedication;</li>
</ol>

8

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000010 of 000027

  f)  Dehydration; and

  g)  Rapid weight loss.

  23.  Charles McIntyre also suffered unnecessary loss of personal dignity, pain and suffering, degradation, emotional distress and hospitalization, all of which were caused by the wrongful conduct of the Defendants as alleged herein.

  24.  The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination. As a result of these injuries, Charles McIntyre's health deteriorated and he required medical treatment and he died.

## CAUSES OF ACTION AGAINST NURSING HOME DEFENDANTS:

## COUNT I - NEGLIGENCE

  25.  Plaintiff Cheryl Hill, as Administratrix of the Estate of Charles McIntyre, hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

  26.  Nursing Home Defendants owed a non-delegable duty to Charles McIntyre, to provide the custodial care, service, and supervision that a reasonably careful nursing home would provide under similar circumstances.

  27.  Upon information and belief, Nursing Home Defendants knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time required for Nursing Home Defendants to perform the essential functions of providing care to Charles McIntyre.

  28.  Nursing Home Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

  (a)  The failure by the members of the governing body of the facility to discharge their legal and lawful obligations by:

9

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000011 of 000027

(1)    Ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Charles McIntyre, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

(2)    Ensuring compliance with the resident care policies for the facility; and,

(3)    Ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

(b)    The failure to develop, implement, and follow policies to assist Charles McIntyre in attaining and maintaining the highest level of physical, mental, and psychological well-being and to promote his healing or cure;

(c)    The failure to maintain all records on Charles McIntyre in accordance with accepted professional standard and practices;

(d)    The failure to revise Charles McIntyre's comprehensive care plan to reflect changes in his functional and cognitive status;

(e)    The failure to provide the minimum number of qualified personnel to meet the total needs of Charles McIntyre;

(f)    The failure to provide Charles McIntyre with adequate amounts of fluid to prevent dehydration;

(g)    The failure to ensure that Charles McIntyre maintained acceptable parameters of nutritional status;

(h)    The failure to ensure that Charles McIntyre received adequate and proper nutrition, fluids, supervision, and medication;

(i)    The failure to provide Charles McIntyre with adequate sanitary care;

(j)    The failure to monitor or increase the number of nursing personnel at the facility to ensure that Charles McIntyre:

(1)    received timely and accurate care assessments;

(2)    received prescribed treatment, medication, and diet; and,

(3)    received timely custodial, nursing, and medical intervention due to a significant change in condition;

10

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000012 of 000027

(k)     The failure to provide adequate nursing and other staff that was properly staffed, qualified, and trained;

(l)     The failure to follow Charles McIntyre's written care plan.

(m)    Failure to provide proper supervision, treatment, assessment, and monitoring of Charles McIntyre in order to prevent pressure ulcers, mismedication skin breakdown, malnutrition, and dehydration;

(n)     Failure to administer and secure appropriate medical care following pressure ulcers, mismedication, skin breakdown, malnutrition, and dehydration;

(o)     Failure to timely treat pressure ulcers;

(p)     The failure to have in place adequate guidelines, policies, and procedures of the facility and to administer those polices through enforcement of any rules, regulations, by-laws, or guidelines;

(q)     The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility; and,

(r)     The failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Charles McIntyre in proportion to his particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence.

(s)     The failure to provide the necessary care and services in a manner that enhanced the self-esteem and self-worth of Charles McIntyre.

(t)     The failure to provide proper care consistent with standards applicable to Nursing Home Defendants.

29.     A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Charles McIntyre.

30.     With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Charles McIntyre.

11

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000013 of 000027

Filed          16-CI-005111    10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

31.     As a direct and proximate result of such negligence, oppression, fraud, malice or gross negligence, Charles McIntyre suffered the injuries described herein.  Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, and disfigurement in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

## COUNT II - MEDICAL NEGLIGENCE

32.     Plaintiff hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

33.     Nursing Home Defendants had a duty to provide the standard of professional care and services of a reasonably competent nursing facility acting under the same or similar circumstances.

34.     Nursing Home Defendants failed to meet applicable standards of care. The negligence or malpractice of Nursing Home Defendants included, but was not limited to, the following acts and omissions:

    a)     The overall failure to ensure that Charles McIntyre received the following:

        1)     timely and accurate care assessments;

        2)     prescribed treatment, medication, and diet;

        3)     necessary supervision; and,

        4)     timely nursing, dietary, and medical intervention due to a significant change in condition;

    b)     The failure to provide sufficient numbers of qualified personnel including nurses, licensed practical nurses, certified nurses assistants, and medication aides to meet the total needs of Charles McIntyre throughout his residency;

12

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000014 of 000027

c)     Failure to provide and implement an adequate nursing care plan based on the needs of Charles McIntyre;

d)     Failure to ensure that Charles McIntyre was not deprived of the services necessary to maintain his health and welfare;

e)     Failure to provide proper treatment and assessment to Charles McIntyre in order to prevent pressure ulcers and skin alterations;

f)     The failure to ensure that Charles McIntyre received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments, and medications;

g)     Failure to provide care, treatment, and medication in accordance with physician's orders;

h)     Failure to adequately and appropriately monitor Charles McIntyre and recognize significant changers in his health status, and to timely notify his physician of significant changes in his health status;

i)     Nursing Home Defendants were responsible for the infliction of physical pain, injury, and mental anguish upon Charles McIntyre;

j)     The failure to maintain all records on Charles McIntyre in accordance with accepted standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to his diagnosis, treatment, and appropriate plans of care and treatment;

k)     Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Charles McIntyre in proportion to his particular physical ailments, known or discoverable by the exercise of reasonable skill and diligence;

l)     Failure to have in place adequate guidelines, policies, and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws, or guidelines;

m)    Failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility;

n)     Failure to provide proper treatment, assessment, and monitoring of Charles McIntyre in order to identify, prevent, and treat signs and symptoms of dehydration, malnutrition, pressure ulcers, and skin alterations;

o)     Failure to inform the physician and family of significant changes in condition;

13

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000015 of 000027

p)    Failure to adequately, timely, and appropriately educate and inform the caregivers at the facility of the needs, level of assistance, and prescribed care and treatment for Charles McIntyre;

q)    Failure to take other necessary and reasonable custodial measures, including timely turning and repositioning of Charles McIntyre, to prevent the progression of skin breakdown during his residency;

r)    Failure to increase the number of personnel at the facility to ensure that Charles McIntyre received timely and appropriate custodial care, including, but not limited to, supervision, personal attention, and wound care;

s)    Failure to ensure that Charles McIntyre received adequate and proper supervision, including, but not limited to, skin care and nutrition;

t)    Failure to provide proper supervision, treatment, assessment and monitoring of Charles McIntyre in order to prevent pressure ulcers, mismedication, skin breakdown, dehydration, and malnutrition;

u)    Failure to administer and secure appropriate medical care following pressure ulcers, mismedication, skin breakdown, dehydration, and malnutrition.

35.    It was foreseeable that the breaches of care listed above would result in serious injuries to Charles McIntyre. A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

36.    With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Charles McIntyre.

37.    As a direct and proximate result of such negligence, oppression, fraud, malice or gross negligence, Charles McIntyre suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

14

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000016 of 000027

## COUNT III - CORPORATE NEGLIGENCE

38.     Plaintiff hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

39.     Upon information and belief, Charles McIntyre was looking to Nursing Home Defendants' facility for treatment of his physical ailments and not merely as the situs where others not associated with the facility would treat him for his problems.  There is a presumption that the treatment Charles McIntyre received was being rendered through employees of Nursing Home Defendants and that any negligence associated with that treatment would render Nursing Home Defendants responsible. Nursing Home Defendants or persons or entities under their control, or to the extent Nursing Home Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Charles McIntyre, to use the degree and skill of care which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

40.     Nursing Home Defendants owed a non-delegable duty to assist Charles McIntyre in attaining and maintaining the highest level of physical, mental and psychological well-being and to promote his cure.

41.     Nursing Home Defendants owed a duty to Charles McIntyre to maintain their facility, including providing and maintaining medical equipment, and hiring, supervising, and retaining nurses and other staff employees.

42.     Nursing Home Defendants owed a duty to Charles McIntyre to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Nursing Home Defendants to ensure smoothly run facilities and adequate resident care.

15

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000017 of 000027

Filed          16-CI-005111   10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

43.     Nursing Home Defendants owed a duty to Charles McIntyre to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence.

44.     With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Charles McIntyre.

45.     As a direct and proximate result of such negligence, oppression, fraud, malice or gross negligence, Charles McIntyre suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

### COUNT IV - VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

46.     Plaintiff hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

47.     Nursing Home Defendants violated non-delegable statutory duties owed to Charles McIntyre as a resident of a long term care facility under the provisions of Kentucky Revised Statutes 216.510 et seq.

48.     The violations of the resident's rights of Charles McIntyre include, but are not limited to, the following:

a)      Violation of his right to be free from abuse and neglect; and

b)      Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and

16

Filed          16-CI-005111   10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000018 of 000027

Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

49.     As a result of the aforementioned violations of the Resident's Rights Statutes by Nursing Home Defendants, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limit of this Court, as well as costs and attorney's fees.

50.     With regard to the aforementioned violations of the Resident's Rights Statute, Nursing Home Defendants acted with oppression, fraud, malice or were grossly negligent, by acting with wanton and reckless disregard for the rights of Charles McIntyre and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Nursing Home Defendants in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

## COUNT V - WRONGFUL DEATH

51.     Plaintiff hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

52.     As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, or was oppressive, fraudulent or malicious, Defendants caused the death of Charles McIntyre by their wrongful conduct.

53.     Charles McIntyre suffered personal injuries, including extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, resulting in his death on September 26, 2015. The extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, and

17

Presiding Judge: HON. BARRY WILLETT (630175)

Package : : 000019 of 000027

unnecessary loss of dignity suffered by Charles McIntyre caused his family to suffer more than normal grief upon his death.

54.    As a direct and proximate result of the wrongful death suffered by Charles McIntyre, Plaintiff asserts, against all Defendants, a claim for judgment for all compensatory and punitive damages including, but not limited to, medical expenses, funeral expenses and other related costs, the grief suffered by statutory beneficiaries, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSES OF ACTION AGAINST KAROLE HAMILTON, AS ADMINISTRATOR OF HIGHLANDS HEALTH AND REHABILITATION CENTER:

### FACTUAL ALLEGATIONS

55.    Plaintiff Charles McIntyre hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

56.    Upon information and belief, Karole Hamilton was Administrator of Highlands Health and Rehabilitation Center during the residence of Charles McIntyre.

57.    As Administrator of Highlands Health and Rehabilitation Center, Defendant Karole Hamilton was required to be licensed by the Commonwealth of Kentucky. Defendant Karole Hamilton owed ordinary duties of care to Charles McIntyre, as well as professional duties and statutory duties owed to residents by licensed nursing home administrators in Kentucky, pursuant to the Nursing Home Administrators Licensure Act of 1970, codified as Kentucky Revised Statues sections 216A.010 et seq.

18

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000020 of 000027

58.    As a holder of a nursing home administrator's license for Highlands Health and Rehabilitation Center, Defendant Karole Hamilton was legally and individually responsible for the operation of the facility and the welfare of its residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

59.    Defendant Karole Hamilton was also responsible for the total management of Highlands Health and Rehabilitation Center pursuant to federal and state law.

60.    Defendant Karole Hamilton's management responsibilities included ensuring that Highlands Health and Rehabilitation Center operates and provides services in compliance with all applicable federal, state, and local laws, regulations, and codes, and within accepted professional standards and principles.

61.    Defendant Karole Hamilton was responsible for ensuring that the facility complied with state and federal regulations related to nursing facilities. Defendant Karole Hamilton had a duty to administrate the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable, physical, mental and psychological well-being of each resident. The nursing facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state and local laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility. Defendant Karole Hamilton breached her duties of care to Charles McIntyre by failing to meet these requirements.

## COUNT VI - NEGLIGENCE

62.    Plaintiff Charles McIntyre hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

19

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000021 of 000027

63.     As Administrator of Highlands Health and Rehabilitation Center, Defendant Karole Hamilton owed a duty to the residents of Highlands Health and Rehabilitation Center, including Charles McIntyre, to provide services as a reasonable administrator within accepted standards for nursing home administrators.

64.     Defendant Karole Hamilton breached her duties owed to the residents of Highlands Health and Rehabilitation Center, including Charles McIntyre, during her tenure as Administrator by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides and, as such, the nurses and nurses' aides were unable to provide Charles McIntyre the care he required.  The negligence of Defendant Karole Hamilton includes, but is not limited to, the following acts and omissions:

a)      The failure to provide sufficient numbers of qualified personnel at the facility to meet the total needs of Charles McIntyre throughout his residency and to ensure that Charles McIntyre:

1)      received timely and accurate care assessments;
2)      received treatment, medication, and diet; and
3)      was protected from accidental injuries by the correct use of ordered and reasonable safety measures;

b)      The failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility;

c)      The failure to ensure that the staff provided Charles McIntyre with sufficient amounts of fluid to prevent dehydration throughout his residency at the facility;

d)      The failure to ensure that Charles McIntyre attained and maintained his highest level of physical, mental, and psychosocial well-being;

e)      The failure to ensure that Charles McIntyre was treated with the dignity and respect that all nursing home residents are entitled to receive;

f)      The failure to provide a safe environment for Charles McIntyre;

g)      The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility;

20

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000022 of 000027

h)      The failure to discipline or terminate employees at the facility assigned to Charles McIntyre that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health and Family Services;

i)      The failure to adopt adequate guidelines, policies, and procedures for:

      1)      Investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the facility by the Cabinet for Health and Family Services or any other authority;

      2)      Determining the cause of any such deficiencies, violations, or penalties;

      3)      Establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility;

      4)      Determining whether the facility had sufficient numbers of personnel to meet the total needs of Charles McIntyre; and,

      5)      Documenting, maintaining files, investigating, and responding to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, and employee of the facility, or any interested person;

j)      The failure to maintain all records on Charles McIntyre in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to his diagnosis, treatment, and appropriate care plans of care and treatment.

k)      The failure to adequately hire, train, supervise and retain a sufficient amount of competent and qualified registered nurses licensed vocational nurses, nurse assistants and other personnel in said facility to assure that Charles McIntyre received care, treatment and services in accordance with State and Federal Law;

l)      The failure to assign nursing personnel at the facility duties consistent with their education and experience based on:

      1)      Charles McIntyre's medical history and condition, nursing and rehabilitative needs;

21

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000023 of 000027

2)      The characteristics of the resident population residing in the area of the facility where Charles McIntyre was a resident; and,

3)      Nursing skills needed to provide care to such resident population;

m)      The failure to provide nursing personnel sufficient in number to provide proper treatment and assessment to Charles McIntyre and other residents; and

n)      The failure to provide adequate supervision to the nursing staff so as to ensure that Charles McIntyre received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments, and sufficient nursing observation and examination of the responses, symptoms, and in the physical condition of Charles McIntyre.

65.     A reasonably careful nursing home administrator would have foreseen that the failure to provide the ordinary care listed above would result in devastating injuries to Charles McIntyre. Each of the foregoing acts of negligence on the part of Defendant Karole Hamilton was accompanied by such wanton or reckless disregard for the health and safety of Charles McIntyre as to constitute gross negligence.

66.     Additionally, Defendant Karole Hamilton's failure to operate, manage, or administer Highlands Health and Rehabilitation Center in compliance with federal, state, and local laws, regulations, and codes intended to protect nursing home residents, included, but was not limited to:

a)      The failure to ensure compliance with rules and regulations of the Cabinet for Health and Family Services, pursuant to Chapters 216, 216B, and 13A of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder, and the federal minimum standards imposed by the United States Department of Health and Human Services, 42 C.F.R. sections 405.301 et seq.;

b)      The failure to ensure compliance with laws and regulations promulgated by the Cabinet for Health and Family Services to provide the minimum number of staff necessary to assist Charles McIntyre with his needs;

c)      The failure to ensure compliance with law and regulations of the Board of Licensure for Nursing Home Administrators pursuant to the Nursing Home

22

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000024 of 000027

Administrators Licensure Act of 1970, Kentucky Revised Statutes sections 216A.010 et seq.;

d)      The failure to provide the necessary care and services to attain or maintain the highest practicable, physical, mental, and psychosocial well-being of Charles McIntyre, and in accordance with the comprehensive assessment and plan of care created at the facility;

e)      The failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to Charles McIntyre in accordance with the resident care plan generated at the facility;

f)      The failure to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental, and psychosocial well-being of Charles McIntyre;

g)      The failure to ensure a nursing care plan based on Charles McIntyre's problems and needs was established which contained measureable objectives and time tables to meet his medical, nursing, mental, and psychosocial needs as identified in his comprehensive assessment, which was reviewed and revised when the needs of Charles McIntyre changed;

h)      The failure to notify Charles McIntyre's family and physician of a need to alter his treatment significantly;

i)      The failure to provide a safe environment; and

j)      The failure to ensure that Charles McIntyre maintained acceptable parameters of nutritional status and received a therapeutic diet throughout his residency.

k)      The failure to provide proper care consistent with standards applicable to Defendant.

67.     It was foreseeable that these breaches of statutory duties would result in serious injuries to Charles McIntyre. Each of the foregoing acts of negligence on the part of the Defendant Karole Hamilton was accompanied by such wanton or reckless disregard for the health and safety of Charles McIntyre as to constitute gross negligence.

68.     As a direct and proximate result of such negligence, grossly negligent, wanton, or reckless conduct, Charles McIntyre suffered the injuries described in Paragraph 22 and Plaintiff asserts a claim for judgment for all compensatory and punitive damages including, but not

23

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000025 of 000027

limited to, medical expenses, funeral expenses and other related costs, the grief suffered by statutory beneficiaries, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, as well as costs and attorney's fees, plus costs, and all other relief to which Plaintiff is entitled by law.

## DAMAGES

69.     Plaintiff Cheryl Hill, as Administratrix of the Estate of Charles McIntyre, hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

70.     As a direct and proximate result of the negligence of all Defendants as set out above, Charles McIntyre suffered injuries including, but not limited to, those listed herein. As a result, Charles McIntyre suffered embarrassment and physical impairment, and incurred significant medical expenses.

71.     Plaintiff seeks punitive and compensatory damages against all Defendants in an amount to be determined by the jury, plus costs, fees and all other relief to which Plaintiff is entitled by law.

**WHEREFORE,** Plaintiffs, Cheryl Hill, as Administratrix of the Estate of Charles McIntyre, demands judgment against Defendants Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, Diversicare Leasing Corp., Advocat Finance, Inc., Diversicare Healthcare Services Inc., Diversicare Management Services Co. and Karole Hamilton, in her capacity as Administrator of Highlands Health and Rehabilitation Center, as follows:

1.     For an amount of compensatory damages as established by the evidence;

24

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000026 of 000027

2.     For an amount of punitive damages as established by the evidence;

3.     For all damages afforded under K.R.S. 216.515;

4.     For all damages afforded under K.R.S. 314.021;

5.     For all damages afforded under K.R.S. 411.130;

6.     For prejudgment and post-judgment interest;

7.     For a trial by jury;

8.     Attorneys' fees;

9.     For her costs herein expended; and

10.    For any and all other relief to which they may appear justly entitled, including the
       right to Amend this Complaint.

                         Respectfully submitted,


                         /s/ David V. Dufour, Jr.
                         MORGAN & MORGAN KENTUCKY, PLLC
                         420 West Liberty Street, Suite 260
                         Louisville, Kentucky 40202
                         Telephone: (502) 912.5919
                         Facsimile:  (502) 912.6443
                         ddufour@forthepeople.com
                         jvaughn@forthepeople.com

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000027 of 000027

U.S. POSTAGE ⟫ PITNEY BOWES

ZIP 40202 $ 007.99⁰
02 4W
0000339432 OCT 17 2016

7026 6702 0000 0520 8440





**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 15772925**
**Date Processed: 10/21/2016**

| | |
|---|---|
| Primary Contact: | Glenn B. Rose<br>Bass, Berry & Sims PLC<br>150 Third Avenue South<br>Suite 2800<br>Nashville, TN 37201 |
| Electronic copy provided to: | Linda Montalbano |

| | |
|---|---|
| Entity: | Diversicare Highlands, LLC<br>Entity ID Number  3396953 |
| Entity Served: | Diversicare Highlands, LLC dba Highlands |
| Title of Action: | Cheryl Hill as Administrarix of the Estate of Charles R. McIntyre vs. Diversicare Highlands LLC d/b/a Highlands Health and Rehabilitation Center |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Death |
| Court/Agency: | Jefferson County Circuit Court, Kentucky |
| Case/Reference No: | 16-CI-00511 |
| Jurisdiction Served: | Kentucky |
| Date Served on CSC: | 10/20/2016 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | David V. Dufour, Jr<br>502-912-5919 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **16-CI-005111**<br>Court:   **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* **HILL, CHERYL VS. DIVERSICARE HIGHLANDS LLC DBA HIGHLANDS , E**, *Defendant*

TO:  **CORPORATION SERVICE COMPANY**
     **421 WEST MAIN STREET**
     **FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:
**DIVERSICARE HIGHLANDS LLC DBA HIGHLANDS**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on
the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney
on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be
taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the
document delivered to you with this Summons.

                                        /s/ David L. Nicholson, Jefferson Circuit Clerk
                                        Date: **10/13/2016**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____ , 20 _____        _____
                                        Served By
                                        _____
                                        Title

       Page 1 of 1

*Presiding Judge: HON. BARRY WILLETT (630175)*

*Package : 000002 of 000027*

***e*Filed**

CIVIL ACTION NO._____                JEFFERSON CIRCUIT COURT
                                                HON. _____
                                                   DIVISION _____

CHERYL HILL AS ADMINISTRARIX OF THE ESTATE              PLAINTIFF
OF CHARLES R. MCINTYRE

vs.                           **COMPLAINT**

DIVERSICARE HIGHLANDS LLC d/b/a
HIGHLANDS HEALTH AND REHABILITATION CENTER
1621 Galleria Boulevard
Brentwood, Tennessee 37027

     Serve:        CORPORATION SERVICE COMPANY
                    421 West Main Street
                    Frankfort, Kentucky 40601

-and-

DIVERSICARE LEASING CORP.
1621 Galleria Boulevard
Brentwood, Tennessee 37027

     Serve:        CORPORATION SERVICE COMPANY
                    421 West Main Street
                    Frankfort, Kentucky 40601

-and-

ADVOCAT FINANCE, INC.
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

     Serve:        Office of the Secretary of State
                    Summons Branch
                    700 Capital Avenue, Suite 86
                    Frankfort, KY 40601

     Process Agent:        CORPORATION SERVICE COMPANY
                    2711 Centerville Road, Suite 400
                    Wilmington, Delaware 19808

-and-

DIVERSICARE MANAGEMENT SERVICES CO.
1621 Galleria Boulevard
Brentwood, Tennessee 37027

Package : 000003 of 000027

Serve:          CORPORATION SERVICE COMPANY
                421 West Main Street
                Frankfort, Kentucky 40601

-and-

DIVERSICARE HEALTHCARE SERVICES INC.
160 Greentree Drive, Suite 101
Dover, Delaware 19904

Serve:          Office of the Secretary of State
                Summons Branch
                700 Capital Avenue, Suite 86
                Frankfort, Kentucky 40601

Process Agent:      NATIONAL REGISTERED AGENTS, INC.
                    160 Greentree Drive, Suite 101
                    Dover, Delaware 19904

-and-

KAROLE HAMILTON, in her former capacity as Administrator
of Highlands Health and Rehabilitation Center
6021 Silver King Boulevard, Unit 401
Cape Coral, Florida 33914

Serve:          Attn: Karole Hamilton
                HIGHLANDS HEALTH AND REHABILITATION CENTER
                1705 Stevens Avenue
                Louisville, Kentucky 40205

                                        DEFENDANTS

***************************

Comes now Plaintiff, Cheryl Hill, as Administratrix of the Estate of Charles McIntyre,

and for herComplaint and causes of action against Defendants Diversicare Highlands LLC, d/b/a

Highlands Health and Rehabilitation Center, Diversicare Leasing Corp., Advocat Finance, Inc.,

Diversicare Healthcare Services Inc., Diversicare Management Services Co. and Karole

Hamilton, in her capacity as Administrator of Highlands Health and Rehabilitation Center,

hereby states as follows:

2

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000004 of 000027

1.      Cheryl Hill is, and was at all times relevant herein, a resident of Jefferson County, Kentucky, and is the daughter of Charles McIntyre.

2.      Charles McIntyre, was a resident of Diversicare Highlands LLC, which does business as Highlands Health and Rehabilitation Center (hereinafter "Highlands Health and Rehabilitation Center" and "the facility"), is the licensee of the facility and is located at 1705 Stevens Avenue, Louisville, Kentucky 40205, from February 21, 2013 to July 28, 2015. Charles McIntyre was hospitalized on July 28, 2015 and remained so until his death, which occurred on September 26, 2015.

3.      Upon information and belief, Defendant Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, is, and was at all times relevant herein, a Foreign Limited Liability Company, with its principal office located at 1621 Galleria Boulevard, Brentwood, Tennessee, 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Highlands Health and Rehabilitation Center, located at 1705 Stevens Avenue, Louisville, Kentucky 40205. Its agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Diversicare Highlands LLC d/b/a Highlands Health and Rehabilitation Center in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Charles McIntyre.

3

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000005 of 000027

4.      Upon information and belief, Defendant Diversicare Leasing Corp., is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 1621 Galleria Boulevard, Brentwood, Tennessee, 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Highlands Health and Rehabilitation Center, located at 1705 Stevens Avenue, Louisville, Kentucky 40205.  Its agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.  The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Diversicare Highlands LLC d/b/a Highlands Health and Rehabilitation Center, in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Charles McIntyre.

5.      Upon information and belief, Defendant Advocat Finance, Inc., is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Highlands Health and Rehabilitation Center, located at 1705 Stevens Avenue, Louisville, Kentucky 40205. Its agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Advocat Finance, Inc., in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Charles McIntyre.

6.      Upon information and belief, Diversicare Management Services Co., is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 1621 Galleria Boulevard, Brentwood, Tennessee, 37027, and authorized to do business in the

4

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000006 of 000027

Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Highlands Health and Rehabilitation Center, located at 1705 Stevens Avenue, Louisville, Kentucky 40205. Its agent for service of process is Corporation Service Company, 1621 Galleria Boulevard, Brentwood, Tennessee 37027.  The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Diversicare Management Services Co., in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Charles McIntyre.

7.      Upon information and belief, Defendant Diversicare Healthcare Services Inc., is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 160 Greentree Drive, Suite 101, Dover, Delaware, 19904, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Highlands Health and Rehabilitation Center, located at 1705 Stevens Avenue, Louisville, Kentucky 40205. Its agent for service of process is National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.  The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Diversicare Healthcare Services Inc., in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Charles McIntyre.

8.      Upon information and belief, Defendant Karole Hamilton is a citizen and resident of Jefferson County, Kentucky, residing at 6021 Silver King Boulevard, Unit 401, Cape Coral, Florida 33914. At the time of the incident described herein, Defendant Karole Hamilton was an agent, servant, representative, and/or employee of Defendant Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, specifically working in the capacity as the Administrator of Highlands Health and Rehabilitation Center during the residency of Charles

5

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000007 of 000027

McIntyre. The causes of action which make the basis of this suit arise out of the Defendant Karole Hamilton's administration of the facility during the residency of Charles McIntyre. Defendant Karole Hamilton will be served at Highlands Health and Rehabilitation Center, 1705 Stevens Avenue, Louisville, Kentucky 40205.

9.        Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to every defendant in this suit except for the Administrator, Karole Hamilton.

10.        Whenever the term "Defendant Karole Hamilton" is utilized within this suit, such term refers to Karole Hamilton.

11.        Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

12.        Defendants controlled the operation, planning, management, budget, and quality control of Highlands Health and Rehabilitation Center. The authority exercised by Defendants over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policy and procedure manuals used by nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

13.        Pursuant to the principles of actual agency, ostensible agency and apparent authority, Nursing Home Defendants are responsible for the acts or omissions or their agents, servants, employees, or representatives.

14.        Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, holds itself out as being a Long-Term Care and Rehabilitation Facility. As such, Diversicare

6

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000008 of 000027

Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, is subject to licensure requirements pursuant to KRS Chapter 216 and 902 KAR 20:026 and 902 KAR 20:300.

15.     Pursuant to KRS § 216.515, Charles McIntyre was entitled to certain rights as a resident of Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center.

16.     Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

17.     Plaintiffs, Cheryl Hill, as Administratrix of the Estate of Charles McIntyre, hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

18.     Upon information and belief, Charles McIntyre was looking to Defendants for treatment of his total needs for custodial, nursing and medical care and not merely as the situs where others not associated with the facility would treat him.

19.     At all relevant times mentioned herein, Nursing Home Defendants owned, operated and/or controlled, and/or provided services for Highlands Health and Rehabilitation Center, either directly or through a joint enterprise, partnership, or the agency of each other and/or other diverse subalterns, subsidiaries governing bodies, agents, servants, or employees.

20.     Defendants are directly or vicariously liable for any actions and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, partner, employee, ostensible or apparent agency, consultant or independent contractor, whether in-house or outside individuals, entities, agencies, or pools. Defendants authorized or ratified or should have anticipated the acts and omissions in question.

21.     In an effort to ensure that Charles McIntyre and other residents whose care was partially funded by the government were placed at Highlands Health and Rehabilitation Center,

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000009 of 000027

7

Filed          16-CI-005111      10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

Defendants held themselves out to the Kentucky Cabinet for Health and Family Services (CHFS) and the public at large as being:

a)  Skilled in the performance of nursing, rehabilitative, and other medical support services;

b)  Properly staffed, supervised, and equipped to meet the total needs of their residents;

c)  Able to specifically meet the total medical and physical therapy needs of Charles McIntyre and other residents like him; and

d)  Licensed by CHFS and complying on a continual basis with all rules, regulations, and standards established for nursing homes and similar facilities.

22.  Defendants failed to discharge their obligations of the care of Charles McIntyre with a conscious disregard for his rights and safety. At all times mentioned herein, Defendants, through their Corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Charles McIntyre, as more fully set forth below. Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Highlands Health and Rehabilitation Center. The severity of the recurrent negligence inflicted upon Charles McIntyre while under the care of the facility accelerated the deterioration of his health and physical condition beyond that caused by the normal aging process, and resulted in the physical and emotional injuries including, but not limited to:

a)  Malnutrition;

b)  Unnecessary pain;

c)  Pressure sores;

d)  Skin Breakdown;

e)  Mismedication;

8.

Filed          16-CI-005111      10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000010 of 000027

Filed          16-CI-005111   10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

f)     Dehydration; and

g)     Rapid weight loss.

23.     Charles McIntyre also suffered unnecessary loss of personal dignity, pain and suffering, degradation, emotional distress and hospitalization, all of which were caused by the wrongful conduct of the Defendants as alleged herein.

24.     The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination. As a result of these injuries, Charles McIntyre's health deteriorated and he required medical treatment and he died.

## CAUSES OF ACTION AGAINST NURSING HOME DEFENDANTS:

### COUNT I - NEGLIGENCE

25.     Plaintiff Cheryl Hill, as Administratrix of the Estate of Charles McIntyre, hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

26.     Nursing Home Defendants owed a non-delegable duty to Charles McIntyre, to provide the custodial care, service, and supervision that a reasonably careful nursing home would provide under similar circumstances.

27.     Upon information and belief, Nursing Home Defendants knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time required for Nursing Home Defendants to perform the essential functions of providing care to Charles McIntyre.

28.     Nursing Home Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

(a)     The failure by the members of the governing body of the facility to discharge their legal and lawful obligations by:

9

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000011 of 000027

    (1)    Ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Charles McIntyre, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

    (2)    Ensuring compliance with the resident care policies for the facility; and,

    (3)    Ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

(b)    The failure to develop, implement, and follow policies to assist Charles McIntyre in attaining and maintaining the highest level of physical, mental, and psychological well-being and to promote his healing or cure;

(c)    The failure to maintain all records on Charles McIntyre in accordance with accepted professional standard and practices;

(d)    The failure to revise Charles McIntyre's comprehensive care plan to reflect changes in his functional and cognitive status;

(e)    The failure to provide the minimum number of qualified personnel to meet the total needs of Charles McIntyre;

(f)    The failure to provide Charles McIntyre with adequate amounts of fluid to prevent dehydration;

(g)    The failure to ensure that Charles McIntyre maintained acceptable parameters of nutritional status;

(h)    The failure to ensure that Charles McIntyre received adequate and proper nutrition, fluids, supervision, and medication;

(i)    The failure to provide Charles McIntyre with adequate sanitary care;

(j)    The failure to monitor or increase the number of nursing personnel at the facility to ensure that Charles McIntyre:

    (1)    received timely and accurate care assessments;

    (2)    received prescribed treatment, medication, and diet; and,

    (3)    received timely custodial, nursing, and medical intervention due to a significant change in condition;

Filed        16-CI-005111    10/13/2016        David L. Nicholson, Jefferson Circuit Clerk

(k)     The failure to provide adequate nursing and other staff that was properly staffed, qualified, and trained;

(l)     The failure to follow Charles McIntyre's written care plan.

(m)     Failure to provide proper supervision, treatment, assessment, and monitoring of Charles McIntyre in order to prevent pressure ulcers, mismedication skin breakdown, malnutrition, and dehydration;

(n)     Failure to administer and secure appropriate medical care following pressure ulcers, mismedication, skin breakdown, malnutrition, and dehydration;

(o)     Failure to timely treat pressure ulcers;

(p)     The failure to have in place adequate guidelines, policies, and procedures of the facility and to administer those polices through enforcement of any rules, regulations, by-laws, or guidelines;

(q)     The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility; and,

(r)     The failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Charles McIntyre in proportion to his particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence.

(s)     The failure to provide the necessary care and services in a manner that enhanced the self-esteem and self-worth of Charles McIntyre.

(t)     The failure to provide proper care consistent with standards applicable to Nursing Home Defendants.

29.     A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Charles McIntyre.

30.     With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Charles McIntyre.

11

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000013 of 000027

Filed        16-CI-005111    10/13/2016        David L. Nicholson, Jefferson Circuit Clerk

Filed          16-CI-005111     10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

31.     As a direct and proximate result of such negligence, oppression, fraud, malice or gross negligence, Charles McIntyre suffered the injuries described herein.  Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, and disfigurement in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

### COUNT II - MEDICAL NEGLIGENCE

32.     Plaintiff hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

33.     Nursing Home Defendants had a duty to provide the standard of professional care and services of a reasonably competent nursing facility acting under the same or similar circumstances.

34.     Nursing Home Defendants failed to meet applicable standards of care. The negligence or malpractice of Nursing Home Defendants included, but was not limited to, the following acts and omissions:

a)      The overall failure to ensure that Charles McIntyre received the following:

1)      timely and accurate care assessments;

2)      prescribed treatment, medication, and diet;

3)      necessary supervision; and,

4)      timely nursing, dietary, and medical intervention due to a significant change in condition;

b)      The failure to provide sufficient numbers of qualified personnel including nurses, licensed practical nurses, certified nurses assistants, and medication aides to meet the total needs of Charles McIntyre throughout his residency;

12

Filed          16-CI-005111     10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000014 of 000027

c)     Failure to provide and implement an adequate nursing care plan based on the needs of Charles McIntyre;

d)     Failure to ensure that Charles McIntyre was not deprived of the services necessary to maintain his health and welfare;

e)     Failure to provide proper treatment and assessment to Charles McIntyre in order to prevent pressure ulcers and skin alterations;

f)     The failure to ensure that Charles McIntyre received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments, and medications;

g)     Failure to provide care, treatment, and medication in accordance with physician's orders;

h)     Failure to adequately and appropriately monitor Charles McIntyre and recognize significant changers in his health status, and to timely notify his physician of significant changes in his health status;

i)     Nursing Home Defendants were responsible for the infliction of physical pain, injury, and mental anguish upon Charles McIntyre;

j)     The failure to maintain all records on Charles McIntyre in accordance with accepted standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to his diagnosis, treatment, and appropriate plans of care and treatment;

k)     Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Charles McIntyre in proportion to his particular physical ailments, known or discoverable by the exercise of reasonable skill and diligence;

l)     Failure to have in place adequate guidelines, policies, and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws, or guidelines;

m)     Failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility;

n)     Failure to provide proper treatment, assessment, and monitoring of Charles McIntyre in order to identify, prevent, and treat signs and symptoms of dehydration, malnutrition, pressure ulcers, and skin alterations;

o)     Failure to inform the physician and family of significant changes in condition;

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000015 of 000027

13

p)      Failure to adequately, timely, and appropriately educate and inform the caregivers at the facility of the needs, level of assistance, and prescribed care and treatment for Charles McIntyre;

q)      Failure to take other necessary and reasonable custodial measures, including timely turning and repositioning of Charles McIntyre, to prevent the progression of skin breakdown during his residency;

r)      Failure to increase the number of personnel at the facility to ensure that Charles McIntyre received timely and appropriate custodial care, including, but not limited to, supervision, personal attention, and wound care;

s)      Failure to ensure that Charles McIntyre received adequate and proper supervision, including, but not limited to, skin care and nutrition;

t)      Failure to provide proper supervision, treatment, assessment and monitoring of Charles McIntyre in order to prevent pressure ulcers, mismedication, skin breakdown, dehydration, and malnutrition;

u)      Failure to administer and secure appropriate medical care following pressure ulcers, mismedication, skin breakdown, dehydration, and malnutrition.

35.    . It was foreseeable that the breaches of care listed above would result in serious injuries to Charles McIntyre. A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

36.    With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Charles McIntyre.

37.    As a direct and proximate result of such negligence, oppression, fraud, malice or gross negligence, Charles McIntyre suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000016 of 000027

14

Filed          16-CI-005111    10/13/2016        David L. Nicholson, Jefferson Circuit Clerk

## COUNT III - CORPORATE NEGLIGENCE

38.     Plaintiff hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

39.     Upon information and belief, Charles McIntyre was looking to Nursing Home Defendants' facility for treatment of his physical ailments and not merely as the situs where others not associated with the facility would treat him for his problems. There is a presumption that the treatment Charles McIntyre received was being rendered through employees of Nursing Home Defendants and that any negligence associated with that treatment would render Nursing Home Defendants responsible. Nursing Home Defendants or persons or entities under their control, or to the extent Nursing Home Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Charles McIntyre, to use the degree and skill of care which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

40.     Nursing Home Defendants owed a non-delegable duty to assist Charles McIntyre in attaining and maintaining the highest level of physical, mental and psychological well-being and to promote his cure.

41.     Nursing Home Defendants owed a duty to Charles McIntyre to maintain their facility, including providing and maintaining medical equipment, and hiring, supervising, and retaining nurses and other staff employees.

42.     Nursing Home Defendants owed a duty to Charles McIntyre to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Nursing Home Defendants to ensure smoothly run facilities and adequate resident care.

15

Presiding Judge:: HON. BARRY WILLETT (630175)

Package : 000017 of 000027

43.     Nursing Home Defendants owed a duty to Charles McIntyre to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence.

44.     With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Charles McIntyre.

45.     As a direct and proximate result of such negligence, oppression, fraud, malice or gross negligence, Charles McIntyre suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

### COUNT IV - VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

46.     Plaintiff hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

47.     Nursing Home Defendants violated non-delegable statutory duties owed to Charles McIntyre as a resident of a long term care facility under the provisions of Kentucky Revised Statutes 216.510 et seq.

48.     The violations of the resident's rights of Charles McIntyre include, but are not limited to, the following:

a)      Violation of his right to be free from abuse and neglect; and

b)      Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and

16

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000018 of 000027

Filed          16-CI-005111    10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

49.     As a result of the aforementioned violations of the Resident's Rights Statutes by Nursing Home Defendants, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limit of this Court, as well as costs and attorney's fees.

50.     With regard to the aforementioned violations of the Resident's Rights Statute, Nursing Home Defendants acted with oppression, fraud, malice or were grossly negligent, by acting with wanton and reckless disregard for the rights of Charles McIntyre and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Nursing Home Defendants in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

## COUNT V - WRONGFUL DEATH

51.     Plaintiff hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

52.     As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, or was oppressive, fraudulent or malicious, Defendants caused the death of Charles McIntyre by their wrongful conduct.

53.     Charles McIntyre suffered personal injuries, including extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, resulting in his death on September 26, 2015. The extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, and

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000019 of 000027

17

unnecessary loss of dignity suffered by Charles McIntyre caused his family to suffer more than normal grief upon his death.

54.    As a direct and proximate result of the wrongful death suffered by Charles McIntyre, Plaintiff asserts, against all Defendants, a claim for judgment for all compensatory and punitive damages including, but not limited to, medical expenses, funeral expenses and other related costs, the grief suffered by statutory beneficiaries, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSES OF ACTION AGAINST KAROLE HAMILTON, AS ADMINISTRATOR OF HIGHLANDS HEALTH AND REHABILITATION CENTER:

### FACTUAL ALLEGATIONS

55.    Plaintiff Charles McIntyre hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

56.    Upon information and belief, Karole Hamilton was Administrator of Highlands Health and Rehabilitation Center during the residence of Charles McIntyre.

57.    As Administrator of Highlands Health and Rehabilitation Center, Defendant Karole Hamilton was required to be licensed by the Commonwealth of Kentucky. Defendant Karole Hamilton owed ordinary duties of care to Charles McIntyre, as well as professional duties and statutory duties owed to residents by licensed nursing home administrators in Kentucky, pursuant to the Nursing Home Administrators Licensure Act of 1970, codified as Kentucky Revised Statues sections 216A.010 et seq.

18

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000020 of 000027

58.     As a holder of a nursing home administrator's license for Highlands Health and Rehabilitation Center, Defendant Karole Hamilton was legally and individually responsible for the operation of the facility and the welfare of its residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

59.     Defendant Karole Hamilton was also responsible for the total management of Highlands Health and Rehabilitation Center pursuant to federal and state law.

60.     Defendant Karole Hamilton's management responsibilities included ensuring that Highlands Health and Rehabilitation Center operates and provides services in compliance with all applicable federal, state, and local laws, regulations, and codes, and within accepted professional standards and principles.

61.     Defendant Karole Hamilton was responsible for ensuring that the facility complied with state and federal regulations related to nursing facilities.  Defendant Karole Hamilton had a duty to administrate the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable, physical, mental and psychological well-being of each resident.  The nursing facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state and local laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility.  Defendant Karole Hamilton breached her duties of care to Charles McIntyre by failing to meet these requirements.

## COUNT VI - NEGLIGENCE

62.     Plaintiff Charles McIntyre hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

19

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000021 of 000027

63.      As Administrator of Highlands Health and Rehabilitation Center, Defendant Karole Hamilton owed a duty to the residents of Highlands Health and Rehabilitation Center, including Charles McIntyre, to provide services as a reasonable administrator within accepted standards for nursing home administrators.

64.      Defendant Karole Hamilton breached her duties owed to the residents of Highlands Health and Rehabilitation Center, including Charles McIntyre, during her tenure as Administrator by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides and, as such, the nurses and nurses' aides were unable to provide Charles McIntyre the care he required.  The negligence of Defendant Karole Hamilton includes, but is not limited to, the following acts and omissions:

a)      The failure to provide sufficient numbers of qualified personnel at the facility to meet the total needs of Charles McIntyre throughout his residency and to ensure that Charles McIntyre:

1)      received timely and accurate care assessments;
2)      received treatment, medication, and diet; and
3)      was protected from accidental injuries by the correct use of ordered and reasonable safety measures;

b)      The failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility;

c)      The failure to ensure that the staff provided Charles McIntyre with sufficient amounts of fluid to prevent dehydration throughout his residency at the facility;

d)      The failure to ensure that Charles McIntyre attained and maintained his highest level of physical, mental, and psychosocial well-being;

e)      The failure to ensure that Charles McIntyre was treated with the dignity and respect that all nursing home residents are entitled to receive;

f)      The failure to provide a safe environment for Charles McIntyre;

g)      The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility;

20

Filed            16-CI-005111    10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

h) The failure to discipline or terminate employees at the facility assigned to Charles McIntyre that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health and Family Services;

i) The failure to adopt adequate guidelines, policies, and procedures for:

1) Investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the facility by the Cabinet for Health and Family Services or any other authority;

2) Determining the cause of any such deficiencies, violations, or penalties;

3) Establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility;

4) Determining whether the facility had sufficient numbers of personnel to meet the total needs of Charles McIntyre; and,

5) Documenting, maintaining files, investigating, and responding to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, and employee of the facility, or any interested person;

j) The failure to maintain all records on Charles McIntyre in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to his diagnosis, treatment, and appropriate care plans of care and treatment.

k) The failure to adequately hire, train, supervise and retain a sufficient amount of competent and qualified registered nurses licensed vocational nurses, nurse assistants and other personnel in said facility to assure that Charles McIntyre received care, treatment and services in accordance with State and Federal Law;

l) The failure to assign nursing personnel at the facility duties consistent with their education and experience based on:

1) Charles McIntyre's medical history and condition, nursing and rehabilitative needs;

21

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000023 of 000027

2)     The characteristics of the resident population residing in the area of the facility where Charles McIntyre was a resident; and,

3)     Nursing skills needed to provide care to such resident population;

m)     The failure to provide nursing personnel sufficient in number to provide proper treatment and assessment to Charles McIntyre and other residents; and

n)     The failure to provide adequate supervision to the nursing staff so as to ensure that Charles McIntyre received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments, and sufficient nursing observation and examination of the responses, symptoms, and in the physical condition of Charles McIntyre.

65.     A reasonably careful nursing home administrator would have foreseen that the failure to provide the ordinary care listed above would result in devastating injuries to Charles McIntyre. Each of the foregoing acts of negligence on the part of Defendant Karole Hamilton was accompanied by such wanton or reckless disregard for the health and safety of Charles McIntyre as to constitute gross negligence.

66.     Additionally, Defendant Karole Hamilton's failure to operate, manage, or administer Highlands Health and Rehabilitation Center in compliance with federal, state, and local laws, regulations, and codes intended to protect nursing home residents, included, but was not limited to:

a)     The failure to ensure compliance with rules and regulations of the Cabinet for Health and Family Services, pursuant to Chapters 216, 216B, and 13A of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder, and the federal minimum standards imposed by the United States Department of Health and Human Services, 42 C.F.R. sections 405.301 et seq.;

b)     The failure to ensure compliance with laws and regulations promulgated by the Cabinet for Health and Family Services to provide the minimum number of staff necessary to assist Charles McIntyre with his needs;

c)     The failure to ensure compliance with law and regulations of the Board of Licensure for Nursing Home Administrators pursuant to the Nursing Home

22

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000024 of 000027

Administrators Licensure Act of 1970, Kentucky Revised Statutes sections 216A.010 et seq.;

d)      The failure to provide the necessary care and services to attain or maintain the highest practicable, physical, mental, and psychosocial well-being of Charles McIntyre, and in accordance with the comprehensive assessment and plan of care created at the facility;

e)      The failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to Charles McIntyre in accordance with the resident care plan generated at the facility;

f)      The failure to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental, and psychosocial well-being of Charles McIntyre;

g)      The failure to ensure a nursing care plan based on Charles McIntyre's problems and needs was established which contained measureable objectives and time tables to meet his medical, nursing, mental, and psychosocial needs as identified in his comprehensive assessment, which was reviewed and revised when the needs of Charles McIntyre changed;

h)      The failure to notify Charles McIntyre's family and physician of a need to alter his treatment significantly;

i)      The failure to provide a safe environment; and

j)      The failure to ensure that Charles McIntyre maintained acceptable parameters of nutritional status and received a therapeutic diet throughout his residency.

k)      The failure to provide proper care consistent with standards applicable to Defendant.

67.     It was foreseeable that these breaches of statutory duties would result in serious injuries to Charles McIntyre. Each of the foregoing acts of negligence on the part of the Defendant Karole Hamilton was accompanied by such wanton or reckless disregard for the health and safety of Charles McIntyre as to constitute gross negligence.

68.     As a direct and proximate result of such negligence, grossly negligent, wanton, or reckless conduct, Charles McIntyre suffered the injuries described in Paragraph 22 and Plaintiff asserts a claim for judgment for all compensatory and punitive damages including, but not

23

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000025 of 000027

limited to, medical expenses, funeral expenses and other related costs, the grief suffered by statutory beneficiaries, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, as well as costs and attorney's fees, plus costs, and all other relief to which Plaintiff is entitled by law.

## DAMAGES

69.     Plaintiff Cheryl Hill, as Administratrix of the Estate of Charles McIntyre, hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

70.     As a direct and proximate result of the negligence of all Defendants as set out above, Charles McIntyre suffered injuries including, but not limited to, those listed herein.  As a result, Charles McIntyre suffered embarrassment and physical impairment, and incurred significant medical expenses.

71.     Plaintiff seeks punitive and compensatory damages against all Defendants in an amount to be determined by the jury, plus costs, fees and all other relief to which Plaintiff is entitled by law.

**WHEREFORE,** Plaintiffs, Cheryl Hill, as Administratrix of the Estate of Charles McIntyre, demands judgment against Defendants Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, Diversicare Leasing Corp., Advocat Finance, Inc., Diversicare Healthcare Services Inc., Diversicare Management Services Co. and Karole Hamilton, in her capacity as Administrator of Highlands Health and Rehabilitation Center, as follows:

1.     For an amount of compensatory damages as established by the evidence;

24

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000026 of 000027

2.  For an amount of punitive damages as established by the evidence;

3.  For all damages afforded under K.R.S. 216.515;

4.  For all damages afforded under K.R.S. 314.021;

5.  For all damages afforded under K.R.S. 411.130;

6.  For prejudgment and post-judgment interest;

7.  For a trial by jury;

8.  Attorneys' fees;

9.  For her costs herein expended; and

10. For any and all other relief to which they may appear justly entitled, including the right to Amend this Complaint.

Respectfully submitted,

/s/ David V. Dufour, Jr.
MORGAN & MORGAN KENTUCKY, PLLC
420 West Liberty Street, Suite 260
Louisville, Kentucky 40202
Telephone: (502) 912.5919
Facsimile: (502) 912.6443
ddufour@forthepeople.com
jvaughn@forthepeople.com

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000027 of 000027

25

David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731



CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601



## KCOJ eFiling Cover Sheet

Case Number: 16-CI-005111

Envelope Number: 311829

Package Retrieval Number: 3118292180043@00000798334

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.47

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Generated: 10/14/2016 9:31:29 AM

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000001 of 000027

US POSTAGE ⟫ PITNEY BOWES

ZIP 40202      $ 007.99⁰
02 4W
0000339432 OCT. 17. 2016



7016 0750 0000 2039 8464



# CORPORATION SERVICE COMPANY®

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 15772938**
**Date Processed: 10/21/2016**

| | |
|---|---|
| Primary Contact: | Glenn B. Rose<br>Bass, Berry & Sims PLC<br>150 Third Avenue South<br>Suite 2800<br>Nashville, TN 37201 |
| Electronic copy provided to: | Linda Montalbano |
| Entity: | Diversicare Management Services Co.<br>Entity ID Number  0262987 |
| Entity Served: | Diversicare Management Services Co. |
| Title of Action: | Cheryl Hill as Administrarix of the Estate of Charles R. McIntyre vs. Diversicare Highlands LLC d/b/a Highlands Health and Rehabilitation Center |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Death |
| Court/Agency: | Jefferson County Circuit Court, Kentucky |
| Case/Reference No: | 16-CI-00511 |
| Jurisdiction Served: | Kentucky |
| Date Served on CSC: | 10/20/2016 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | David V. Dufour, Jr.<br>502-912-5919 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice   *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **16-CI-005111**<br>Court:  **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* **HILL, CHERYL VS. DIVERSICARE HIGHLANDS LLC DBA HIGHLANDS , E**, *Defendant*

TO:  **CORPORATION SERVICE COMPANY**
     **421 WEST MAIN ST**
     **FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:
**DIVERSICARE MANAGEMENT SERVICES CO.**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                     /s/ David L. Nicholson, Jefferson Circuit Clerk
                                     Date: **10/13/2016**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____ , 20 _____           _____
                                     Served By

                                       _____
                                       Title

Summons ID: 3118292180049@00000798340,
CIRCUIT: 16-CI-005111 Certified Mail
HILL, CHERYL VS. DIVERSICARE HIGHLANDS LLC DBA HIGHLANDS , E

    Page 1 of 1        *e*Filed

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000002 of 000027

CIVIL ACTION NO._____          JEFFERSON CIRCUIT COURT
                                         HON. _____
                                         DIVISION _____

CHERYL HILL AS ADMINISTRARIX OF THE ESTATE          PLAINTIFF
OF CHARLES R. MCINTYRE

vs.                        **COMPLAINT**

DIVERSICARE HIGHLANDS LLC d/b/a
HIGHLANDS HEALTH AND REHABILITATION CENTER
1621 Galleria Boulevard
Brentwood, Tennessee 37027

          Serve:        CORPORATION SERVICE COMPANY
                        421 West Main Street
                        Frankfort, Kentucky  40601

-and-

DIVERSICARE LEASING CORP.
1621 Galleria Boulevard
Brentwood, Tennessee 37027

          Serve:        CORPORATION SERVICE COMPANY
                        421 West Main Street
                        Frankfort, Kentucky  40601

-and-

ADVOCAT FINANCE, INC.
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

          Serve:        Office of the Secretary of State
                        Summons Branch
                        700 Capital Avenue, Suite 86
                        Frankfort, KY 40601

          Process Agent:    CORPORATION SERVICE COMPANY
                            2711 Centerville Road, Suite 400
                            Wilmington, Delaware 19808

-and-

DIVERSICARE MANAGEMENT SERVICES CO.
1621 Galleria Boulevard
Brentwood, Tennessee 37027

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000003 of 000027

Serve:       CORPORATION SERVICE COMPANY
             421 West Main Street
             Frankfort, Kentucky 40601

-and-

DIVERSICARE HEALTHCARE SERVICES INC.
160 Greentree Drive, Suite 101
Dover, Delaware 19904

Serve:       Office of the Secretary of State
             Summons Branch
             700 Capital Avenue, Suite 86
             Frankfort, Kentucky 40601

Process Agent:   NATIONAL REGISTERED AGENTS, INC.
                 160 Greentree Drive, Suite 101
                 Dover, Delaware 19904

-and-

KAROLE HAMILTON, in her former capacity as Administrator
of Highlands Health and Rehabilitation Center
6021 Silver King Boulevard, Unit 401
Cape Coral, Florida 33914

Serve:       Attn: Karole Hamilton
             HIGHLANDS HEALTH AND REHABILITATION CENTER
             1705 Stevens Avenue
             Louisville, Kentucky 40205

                                        DEFENDANTS

*****************************

        Comes now Plaintiff, Cheryl Hill, as Administratrix of the Estate of Charles McIntyre,

and for herComplaint and causes of action against Defendants Diversicare Highlands LLC, d/b/a

Highlands Health and Rehabilitation Center, Diversicare Leasing Corp., Advocat Finance, Inc.,

Diversicare Healthcare Services Inc., Diversicare Management Services Co. and Karole

Hamilton, in her capacity as Administrator of Highlands Health and Rehabilitation Center,

hereby states as follows:

2

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000004 of 000027

Filed          16-CI-005111    10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

1.      Cheryl Hill is, and was at all times relevant herein, a resident of Jefferson County, Kentucky, and is the daughter of Charles McIntyre.

2.      Charles McIntyre, was a resident of Diversicare Highlands LLC, which does business as Highlands Health and Rehabilitation Center (hereinafter "Highlands Health and Rehabilitation Center" and "the facility"), is the licensee of the facility and is located at 1705 Stevens Avenue, Louisville, Kentucky 40205, from February 21, 2013 to July 28, 2015. Charles McIntyre was hospitalized on July 28, 2015 and remained so until his death, which occurred on September 26, 2015.

3.      Upon information and belief, Defendant Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, is, and was at all times relevant herein, a Foreign Limited Liability Company, with its principal office located at 1621 Galleria Boulevard, Brentwood, Tennessee, 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Highlands Health and Rehabilitation Center, located at 1705 Stevens Avenue, Louisville, Kentucky 40205. Its agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Diversicare Highlands LLC d/b/a Highlands Health and Rehabilitation Center in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Charles McIntyre.

3

Filed          16-CI-005111    10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

    4.      Upon information and belief, Defendant Diversicare Leasing Corp., is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 1621 Galleria Boulevard, Brentwood, Tennessee, 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Highlands Health and Rehabilitation Center, located at 1705 Stevens Avenue, Louisville, Kentucky 40205.  Its agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.  The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Diversicare Highlands LLC d/b/a Highlands Health and Rehabilitation Center, in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Charles McIntyre.

    5.      Upon information and belief, Defendant Advocat Finance, Inc., is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Highlands Health and Rehabilitation Center, located at 1705 Stevens Avenue, Louisville, Kentucky 40205. Its agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Advocat Finance, Inc., in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Charles McIntyre.

    6.      Upon information and belief, Diversicare Management Services Co., is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 1621 Galleria Boulevard, Brentwood, Tennessee, 37027, and authorized to do business in the

4

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000006 of 000027

Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Highlands Health and Rehabilitation Center, located at 1705 Stevens Avenue, Louisville, Kentucky 40205. Its agent for service of process is Corporation Service Company, 1621 Galleria Boulevard, Brentwood, Tennessee 37027. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Diversicare Management Services Co., in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Charles McIntyre.

7.      Upon information and belief, Defendant Diversicare Healthcare Services Inc., is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 160 Greentree Drive, Suite 101, Dover, Delaware, 19904, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Highlands Health and Rehabilitation Center, located at 1705 Stevens Avenue, Louisville, Kentucky 40205. Its agent for service of process is National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Diversicare Healthcare Services Inc., in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Charles McIntyre.

8.      Upon information and belief, Defendant Karole Hamilton is a citizen and resident of Jefferson County, Kentucky, residing at 6021 Silver King Boulevard, Unit 401, Cape Coral, Florida 33914. At the time of the incident described herein, Defendant Karole Hamilton was an agent, servant, representative, and/or employee of Defendant Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, specifically working in the capacity as the Administrator of Highlands Health and Rehabilitation Center during the residency of Charles

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000007 of 000027

5

McIntyre. The causes of action which make the basis of this suit arise out of the Defendant Karole Hamilton's administration of the facility during the residency of Charles McIntyre. Defendant Karole Hamilton will be served at Highlands Health and Rehabilitation Center, 1705 Stevens Avenue, Louisville, Kentucky 40205.

9.    Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to every defendant in this suit except for the Administrator, Karole Hamilton.

10.    Whenever the term "Defendant Karole Hamilton" is utilized within this suit, such term refers to Karole Hamilton.

11.    Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

12.    Defendants controlled the operation, planning, management, budget, and quality control of Highlands Health and Rehabilitation Center. The authority exercised by Defendants over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policy and procedure manuals used by nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

13.    Pursuant to the principles of actual agency, ostensible agency and apparent authority, Nursing Home Defendants are responsible for the acts or omissions or their agents, servants, employees, or representatives.

14.    Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, holds itself out as being a Long-Term Care and Rehabilitation Facility. As such, Diversicare

6

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000008 of 000027

Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, is subject to licensure requirements pursuant to KRS Chapter 216 and 902 KAR 20:026 and 902 KAR 20:300.

15.     Pursuant to KRS § 216.515, Charles McIntyre was entitled to certain rights as a resident of Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center.

16.     Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

17.     Plaintiffs, Cheryl Hill, as Administratrix of the Estate of Charles McIntyre, hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

18.     Upon information and belief, Charles McIntyre was looking to Defendants for treatment of his total needs for custodial, nursing and medical care and not merely as the situs where others not associated with the facility would treat him.

19.     At all relevant times mentioned herein, Nursing Home Defendants owned, operated and/or controlled, and/or provided services for Highlands Health and Rehabilitation Center, either directly or through a joint enterprise, partnership, or the agency of each other and/or other diverse subalterns, subsidiaries governing bodies, agents, servants, or employees.

20.     Defendants are directly or vicariously liable for any actions and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, partner, employee, ostensible or apparent agency, consultant or independent contractor, whether in-house or outside individuals, entities, agencies, or pools. Defendants authorized or ratified or should have anticipated the acts and omissions in question.

21.     In an effort to ensure that Charles McIntyre and other residents whose care was partially funded by the government were placed at Highlands Health and Rehabilitation Center,

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000009 of 000027

Filed          16-CI-005111     10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

Defendants held themselves out to the Kentucky Cabinet for Health and Family Services (CHFS) and the public at large as being:

a)      Skilled in the performance of nursing, rehabilitative, and other medical support services;

b)      Properly staffed, supervised, and equipped to meet the total needs of their residents;

c)      Able to specifically meet the total medical and physical therapy needs of Charles McIntyre and other residents like him; and

d)      Licensed by CHFS and complying on a continual basis with all rules, regulations, and standards established for nursing homes and similar facilities.

22.     Defendants failed to discharge their obligations of the care of Charles McIntyre with a conscious disregard for his rights and safety. At all times mentioned herein, Defendants, through their Corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Charles McIntyre, as more fully set forth below. Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Highlands Health and Rehabilitation Center. The severity of the recurrent negligence inflicted upon Charles McIntyre while under the care of the facility accelerated the deterioration of his health and physical condition beyond that caused by the normal aging process, and resulted in the physical and emotional injuries including, but not limited to:

a)      Malnutrition;

b)      Unnecessary pain;

c)      Pressure sores;

d)      Skin Breakdown;

e)      Mismedication;

Filed          16-CI-005111     10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000010 of 000027

  f)  Dehydration; and

  g)  Rapid weight loss.

  23.  Charles McIntyre also suffered unnecessary loss of personal dignity, pain and suffering, degradation, emotional distress and hospitalization, all of which were caused by the wrongful conduct of the Defendants as alleged herein.

  24.  The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination. As a result of these injuries, Charles McIntyre's health deteriorated and he required medical treatment and he died.

### CAUSES OF ACTION AGAINST NURSING HOME DEFENDANTS:

### COUNT I - NEGLIGENCE

  25.  Plaintiff Cheryl Hill, as Administratrix of the Estate of Charles McIntyre, hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

  26.  Nursing Home Defendants owed a non-delegable duty to Charles McIntyre, to provide the custodial care, service, and supervision that a reasonably careful nursing home would provide under similar circumstances.

  27.  Upon information and belief, Nursing Home Defendants knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time required for Nursing Home Defendants to perform the essential functions of providing care to Charles McIntyre.

  28.  Nursing Home Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

  (a)  The failure by the members of the governing body of the facility to discharge their legal and lawful obligations by:

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000011 of 000027

9

(1)    Ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Charles McIntyre, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

(2)    Ensuring compliance with the resident care policies for the facility; and,

(3)    Ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

(b)    The failure to develop, implement, and follow policies to assist Charles McIntyre in attaining and maintaining the highest level of physical, mental, and psychological well-being and to promote his healing or cure;

(c)    The failure to maintain all records on Charles McIntyre in accordance with accepted professional standard and practices;

(d)    The failure to revise Charles McIntyre's comprehensive care plan to reflect changes in his functional and cognitive status;

(e)    The failure to provide the minimum number of qualified personnel to meet the total needs of Charles McIntyre;

(f)    The failure to provide Charles McIntyre with adequate amounts of fluid to prevent dehydration;

(g)    The failure to ensure that Charles McIntyre maintained acceptable parameters of nutritional status;

(h)    The failure to ensure that Charles McIntyre received adequate and proper nutrition, fluids, supervision, and medication;

(i)    The failure to provide Charles McIntyre with adequate sanitary care;

(j)    The failure to monitor or increase the number of nursing personnel at the facility to ensure that Charles McIntyre:

(1)    received timely and accurate care assessments;

(2)    received prescribed treatment, medication, and diet; and,

(3)    received timely custodial, nursing, and medical intervention due to a significant change in condition;

10

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000012 of 000027

Filed          16-CI-005111     10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

(k)     The failure to provide adequate nursing and other staff that was properly staffed, qualified, and trained;

(l)     The failure to follow Charles McIntyre's written care plan.

(m)     Failure to provide proper supervision, treatment, assessment, and monitoring of Charles McIntyre in order to prevent pressure ulcers, mismedication skin breakdown, malnutrition, and dehydration;

(n)     Failure to administer and secure appropriate medical care following pressure ulcers, mismedication, skin breakdown, malnutrition, and dehydration;

(o)     Failure to timely treat pressure ulcers;

(p)     The failure to have in place adequate guidelines, policies, and procedures of the facility and to administer those polices through enforcement of any rules, regulations, by-laws, or guidelines;

(q)     The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility; and,

(r)     The failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Charles McIntyre in proportion to his particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence.

(s)     The failure to provide the necessary care and services in a manner that enhanced the self-esteem and self-worth of Charles McIntyre.

(t)     The failure to provide proper care consistent with standards applicable to Nursing Home Defendants.

29.     A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Charles McIntyre.

30.     With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Charles McIntyre.

11

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000013 of 000027

Filed          16-CI-005111    10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

31.     As a direct and proximate result of such negligence, oppression, fraud, malice or gross negligence, Charles McIntyre suffered the injuries described herein.  Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, and disfigurement in an amount to. be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

### COUNT II - MEDICAL NEGLIGENCE

32.     Plaintiff hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

33.     Nursing Home Defendants had a duty to provide the standard of professional care and services of a reasonably competent nursing facility acting under the same or similar circumstances.

34.     Nursing Home Defendants failed to meet applicable standards of care. The negligence or malpractice of Nursing Home Defendants included, but was not limited to, the following acts and omissions:

    a)     The overall failure to ensure that Charles McIntyre received the following:

        1)     timely and accurate care assessments;

        2)     prescribed treatment, medication, and diet;

        3)     necessary supervision; and,

        4)     timely nursing, dietary, and medical intervention due to a significant change in condition;

    b)     The failure to provide sufficient numbers of qualified personnel including nurses, licensed practical nurses, certified nurses assistants, and medication aides to meet the total needs of Charles McIntyre throughout his residency;

12

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000014 of 000027

Filed          16-CI-005111    10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

c)    Failure to provide and implement an adequate nursing care plan based on the needs of Charles McIntyre;

d)    Failure to ensure that Charles McIntyre was not deprived of the services necessary to maintain his health and welfare;

e)    Failure to provide proper treatment and assessment to Charles McIntyre in order to prevent pressure ulcers and skin alterations;

f)    The failure to ensure that Charles McIntyre received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments, and medications;

g)    Failure to provide care, treatment, and medication in accordance with physician's orders;

h)    Failure to adequately and appropriately monitor Charles McIntyre and recognize significant changers in his health status, and to timely notify his physician of significant changes in his health status;

i)    Nursing Home Defendants were responsible for the infliction of physical pain, injury, and mental anguish upon Charles McIntyre;

j)    The failure to maintain all records on Charles McIntyre in accordance with accepted standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to his diagnosis, treatment, and appropriate plans of care and treatment;

k)    Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Charles McIntyre in proportion to his particular physical ailments, known or discoverable by the exercise of reasonable skill and diligence;

l)    Failure to have in place adequate guidelines, policies, and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws, or guidelines;

m)    Failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility;

n)    Failure to provide proper treatment, assessment, and monitoring of Charles McIntyre in order to identify, prevent, and treat signs and symptoms of dehydration, malnutrition, pressure ulcers, and skin alterations;

o)    Failure to inform the physician and family of significant changes in condition;

13

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000015 of 000027

p)  Failure to adequately, timely, and appropriately educate and inform the caregivers at the facility of the needs, level of assistance, and prescribed care and treatment for Charles McIntyre;

q)  Failure to take other necessary and reasonable custodial measures, including timely turning and repositioning of Charles McIntyre, to prevent the progression of skin breakdown during his residency;

r)  Failure to increase the number of personnel at the facility to ensure that Charles McIntyre received timely and appropriate custodial care, including, but not limited to, supervision, personal attention, and wound care;

s)  Failure to ensure that Charles McIntyre received adequate and proper supervision, including, but not limited to, skin care and nutrition;

t)  Failure to provide proper supervision, treatment, assessment and monitoring of Charles McIntyre in order to prevent pressure ulcers, mismedication, skin breakdown, dehydration, and malnutrition;

u)  Failure to administer and secure appropriate medical care following pressure ulcers, mismedication, skin breakdown, dehydration, and malnutrition.

35.  It was foreseeable that the breaches of care listed above would result in serious injuries to Charles McIntyre. A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

36.  With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Charles McIntyre.

37.  As a direct and proximate result of such negligence, oppression, fraud, malice or gross negligence, Charles McIntyre suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

14

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000016 of 000027

## COUNT III - CORPORATE NEGLIGENCE

38.     Plaintiff hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

39.     Upon information and belief, Charles McIntyre was looking to Nursing Home Defendants' facility for treatment of his physical ailments and not merely as the situs where others not associated with the facility would treat him for his problems.  There is a presumption that the treatment Charles McIntyre received was being rendered through employees of Nursing Home Defendants and that any negligence associated with that treatment would render Nursing Home Defendants responsible. Nursing Home Defendants or persons or entities under their control, or to the extent Nursing Home Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Charles McIntyre, to use the degree and skill of care which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

40.     Nursing Home Defendants owed a non-delegable duty to assist Charles McIntyre in attaining and maintaining the highest level of physical, mental and psychological well-being and to promote his cure.

41.     Nursing Home Defendants owed a duty to Charles McIntyre to maintain their facility, including providing and maintaining medical equipment, and hiring, supervising, and retaining nurses and other staff employees.

42.     Nursing Home Defendants owed a duty to Charles McIntyre to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Nursing Home Defendants to ensure smoothly run facilities and adequate resident care.

15

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000017 of 000027

43.     Nursing Home Defendants owed a duty to Charles McIntyre to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence.

44.     With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Charles McIntyre.

45.     As a direct and proximate result of such negligence, oppression, fraud, malice or gross negligence, Charles McIntyre suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

### COUNT IV - VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

46.     Plaintiff hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

47.     Nursing Home Defendants violated non-delegable statutory duties owed to Charles McIntyre as a resident of a long term care facility under the provisions of Kentucky Revised Statutes 216.510 et seq.

48.     The violations of the resident's rights of Charles McIntyre include, but are not limited to, the following:

a)      Violation of his right to be free from abuse and neglect; and

b)      Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and

16

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000018 of 000027

Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

49.      As a result of the aforementioned violations of the Resident's Rights Statutes by Nursing Home Defendants, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limit of this Court, as well as costs and attorney's fees.

50.      With regard to the aforementioned violations of the Resident's Rights Statute, Nursing Home Defendants acted with oppression, fraud, malice or were grossly negligent, by acting with wanton and reckless disregard for the rights of Charles McIntyre and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Nursing Home Defendants in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

## COUNT V - WRONGFUL DEATH

51.      Plaintiff hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

52.      As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, or was oppressive, fraudulent or malicious, Defendants caused the death of Charles McIntyre by their wrongful conduct.

53.      Charles McIntyre suffered personal injuries, including extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, resulting in his death on September 26, 2015. The extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, and

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000019 of 000027

17

unnecessary loss of dignity suffered by Charles McIntyre caused his family to suffer more than normal grief upon his death.

54.     As a direct and proximate result of the wrongful death suffered by Charles McIntyre, Plaintiff asserts, against all Defendants, a claim for judgment for all compensatory and punitive damages including, but not limited to, medical expenses, funeral expenses and other related costs, the grief suffered by statutory beneficiaries, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSES OF ACTION AGAINST KAROLE HAMILTON, AS ADMINISTRATOR OF HIGHLANDS HEALTH AND REHABILITATION CENTER:

### FACTUAL ALLEGATIONS

55.     Plaintiff Charles McIntyre hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

56.     Upon information and belief, Karole Hamilton was Administrator of Highlands Health and Rehabilitation Center during the residence of Charles McIntyre.

57.     As Administrator of Highlands Health and Rehabilitation Center, Defendant Karole Hamilton was required to be licensed by the Commonwealth of Kentucky. Defendant Karole Hamilton owed ordinary duties of care to Charles McIntyre, as well as professional duties and statutory duties owed to residents by licensed nursing home administrators in Kentucky, pursuant to the Nursing Home Administrators Licensure Act of 1970, codified as Kentucky Revised Statues sections 216A.010 et seq.

18

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000020 of 000027

58. As a holder of a nursing home administrator's license for Highlands Health and Rehabilitation Center, Defendant Karole Hamilton was legally and individually responsible for the operation of the facility and the welfare of its residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

59. Defendant Karole Hamilton was also responsible for the total management of Highlands Health and Rehabilitation Center pursuant to federal and state law.

60. Defendant Karole Hamilton's management responsibilities included ensuring that Highlands Health and Rehabilitation Center operates and provides services in compliance with all applicable federal, state, and local laws, regulations, and codes, and within accepted professional standards and principles.

61. Defendant Karole Hamilton was responsible for ensuring that the facility complied with state and federal regulations related to nursing facilities. Defendant Karole Hamilton had a duty to administrate the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable, physical, mental and psychological well-being of each resident. The nursing facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state and local laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility. Defendant Karole Hamilton breached her duties of care to Charles McIntyre by failing to meet these requirements.

### COUNT VI - NEGLIGENCE

62. Plaintiff Charles McIntyre hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

19

63.    As Administrator of Highlands Health and Rehabilitation Center, Defendant Karole Hamilton owed a duty to the residents of Highlands Health and Rehabilitation Center, including Charles McIntyre, to provide services as a reasonable administrator within accepted standards for nursing home administrators.

64.    Defendant Karole Hamilton breached her duties owed to the residents of Highlands Health and Rehabilitation Center, including Charles McIntyre, during her tenure as Administrator by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides and, as such, the nurses and nurses' aides were unable to provide Charles McIntyre the care he required.  The negligence of Defendant Karole Hamilton includes, but is not limited to, the following acts and omissions:

a)    The failure to provide sufficient numbers of qualified personnel at the facility to meet the total needs of Charles McIntyre throughout his residency and to ensure that Charles McIntyre:

1)    received timely and accurate care assessments;
2)    received treatment, medication, and diet; and
3)    was protected from accidental injuries by the correct use of ordered and reasonable safety measures;

b)    The failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility;

c)    The failure to ensure that the staff provided Charles McIntyre with sufficient amounts of fluid to prevent dehydration throughout his residency at the facility;

d)    The failure to ensure that Charles McIntyre attained and maintained his highest level of physical, mental, and psychosocial well-being;

e)    The failure to ensure that Charles McIntyre was treated with the dignity and respect that all nursing home residents are entitled to receive;

f)    The failure to provide a safe environment for Charles McIntyre;

g)    The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility;

20

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000022 of 000027

Filed          16-CI-005111    10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

h)     The failure to discipline or terminate employees at the facility assigned to Charles McIntyre that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health and Family Services;

i)     The failure to adopt adequate guidelines, policies, and procedures for:

       1)     Investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the facility by the Cabinet for Health and Family Services or any other authority;

       2)     Determining the cause of any such deficiencies, violations, or penalties;

       3)     Establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility;

       4)     Determining whether the facility had sufficient numbers of personnel to meet the total needs of Charles McIntyre; and,

       5)     Documenting, maintaining files, investigating, and responding to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, and employee of the facility, or any interested person;

j)     The failure to maintain all records on Charles McIntyre in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to his diagnosis, treatment, and appropriate care plans of care and treatment.

k)     The failure to adequately hire, train, supervise and retain a sufficient amount of competent and qualified registered nurses licensed vocational nurses, nurse assistants and other personnel in said facility to assure that Charles McIntyre received care, treatment and services in accordance with State and Federal Law;

l)     The failure to assign nursing personnel at the facility duties consistent with their education and experience based on:

       1)     Charles McIntyre's medical history and condition, nursing and rehabilitative needs;

21

Filed          16-CI-005111    10/13/2016          David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000023 of 000027

2)   The characteristics of the resident population residing in the area of the facility where Charles McIntyre was a resident; and,

3)   Nursing skills needed to provide care to such resident population;

m)   The failure to provide nursing personnel sufficient in number to provide proper treatment and assessment to Charles McIntyre and other residents; and

n)   The failure to provide adequate supervision to the nursing staff so as to ensure that Charles McIntyre received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments, and sufficient nursing observation and examination of the responses, symptoms, and in the physical condition of Charles McIntyre.

65.    A reasonably careful nursing home administrator would have foreseen that the failure to provide the ordinary care listed above would result in devastating injuries to Charles McIntyre.  Each of the foregoing acts of negligence on the part of Defendant Karole Hamilton was accompanied by such wanton or reckless disregard for the health and safety of Charles McIntyre as to constitute gross negligence.

66.    Additionally, Defendant Karole Hamilton's failure to operate, manage, or administer Highlands Health and Rehabilitation Center in compliance with federal, state, and local laws, regulations, and codes intended to protect nursing home residents, included, but was not limited to:

a)   The failure to ensure compliance with rules and regulations of the Cabinet for Health and Family Services, pursuant to Chapters 216, 216B, and 13A of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder, and the federal minimum standards imposed by the United States Department of Health and Human Services, 42 C.F.R. sections 405.301 et seq.;

b)   The failure to ensure compliance with laws and regulations promulgated by the Cabinet for Health and Family Services to provide the minimum number of staff necessary to assist Charles McIntyre with his needs;

c)   The failure to ensure compliance with law and regulations of the Board of Licensure for Nursing Home Administrators pursuant to the Nursing Home

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000024 of 000027

22

Administrators Licensure Act of 1970, Kentucky Revised Statutes sections 216A.010 et seq.;

d)   The failure to provide the necessary care and services to attain or maintain the highest practicable, physical, mental, and psychosocial well-being of Charles McIntyre, and in accordance with the comprehensive assessment and plan of care created at the facility;

e)   The failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to Charles McIntyre in accordance with the resident care plan generated at the facility;

f)   The failure to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental, and psychosocial well-being of Charles McIntyre;

g)   The failure to ensure a nursing care plan based on Charles McIntyre's problems and needs was established which contained measureable objectives and time tables to meet his medical, nursing, mental, and psychosocial needs as identified in his comprehensive assessment, which was reviewed and revised when the needs of Charles McIntyre changed;

h)   The failure to notify Charles McIntyre's family and physician of a need to alter his treatment significantly;

i)   The failure to provide a safe environment; and

j)   The failure to ensure that Charles McIntyre maintained acceptable parameters of nutritional status and received a therapeutic diet throughout his residency.

k)   The failure to provide proper care consistent with standards applicable to Defendant.

67.   It was foreseeable that these breaches of statutory duties would result in serious injuries to Charles McIntyre. Each of the foregoing acts of negligence on the part of the Defendant Karole Hamilton was accompanied by such wanton or reckless disregard for the health and safety of Charles McIntyre as to constitute gross negligence.

68.   As a direct and proximate result of such negligence, grossly negligent, wanton, or reckless conduct, Charles McIntyre suffered the injuries described in Paragraph 22 and Plaintiff asserts a claim for judgment for all compensatory and punitive damages including, but not

23

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000025 of 000027

limited to, medical expenses, funeral expenses and other related costs, the grief suffered by statutory beneficiaries, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, as well as costs and attorney's fees, plus costs, and all other relief to which Plaintiff is entitled by law.

## DAMAGES

69.     Plaintiff Cheryl Hill, as Administratrix of the Estate of Charles McIntyre, hereby adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

70.     As a direct and proximate result of the negligence of all Defendants as set out above, Charles McIntyre suffered injuries including, but not limited to, those listed herein. As a result, Charles McIntyre suffered embarrassment and physical impairment, and incurred significant medical expenses.

71.     Plaintiff seeks punitive and compensatory damages against all Defendants in an amount to be determined by the jury, plus costs, fees and all other relief to which Plaintiff is entitled by law.

**WHEREFORE,** Plaintiffs, Cheryl Hill, as Administratrix of the Estate of Charles McIntyre, demands judgment against Defendants Diversicare Highlands LLC, d/b/a Highlands Health and Rehabilitation Center, Diversicare Leasing Corp., Advocat Finance, Inc., Diversicare Healthcare Services Inc., Diversicare Management Services Co. and Karole Hamilton, in her capacity as Administrator of Highlands Health and Rehabilitation Center, as follows:

1.     For an amount of compensatory damages as established by the evidence;

24

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000026 of 000027

2.    For an amount of punitive damages as established by the evidence;

3.    For all damages afforded under K.R.S. 216.515;

4.    For all damages afforded under K.R.S. 314.021;

5.    For all damages afforded under K.R.S. 411.130;

6.    For prejudgment and post-judgment interest;

7.    For a trial by jury;

8.    Attorneys' fees;

9.    For her costs herein expended; and

10.   For any and all other relief to which they may appear justly entitled, including the right to Amend this Complaint.

                    Respectfully submitted,


                    /s/ David V. Dufour, Jr.
                    MORGAN & MORGAN KENTUCKY, PLLC
                    420 West Liberty Street, Suite 260
                    Louisville, Kentucky 40202
                    Telephone: (502) 912.5919
                    Facsimile: (502) 912.6443
                    ddufour@forthepeople.com
                    jvaughn@forthepeople.com

||||||| ||| |||| ||| |||| ||| |||

David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

CORPORATION SERVICE COMPANY
421 WEST MAIN ST
FRANKFORT, KY 40601



## KCOJ eFiling Cover Sheet

Case Number: 16-CI-005111

Envelope Number: 311829

Package Retrieval Number: 3118292180049@00000798340

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.47

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. BARRY WILLETT (630175)

Package : 000001 of 000027



US POSTAGE >> PITNEY BOWES

ZIP 40202
02 4W
0000339432 OCT 17 2016
$ 007.99

7016 0750 0000 2019 8426